# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:08CR54

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **MEMORANDUM AND** |
| ) | **O R D E R** |
| ) | |
| LOHR EBBIE LOVELAND, JR. ) | |

**THIS MATTER** is before the Court on Defendant's motion to dismiss the indictment herein and for a petition for writ of error *coram nobis* or, in the alternative, a petition for writ of *habeas corpus,* filed July 25, 2008. The Government opposes the relief sought. **Government's Responses to Defendant's Motion to Dismiss and Petition for Writ of Error Coram Nobis, filed August 8, 2008.** For the reasons stated herein, Defendant's motion to dismiss is denied and the petitions for a writ of error *coram nobis* or, alternatively, for a writ of *habeas corpus* are dismissed.

## I. BACKGROUND

On April 11, 2008, Burke County Sheriff's Department and emergency personnel responded to a 911 call placed by Defendant who explained that his wife had fallen or jumped off the balcony of their home. **Defendant's Motion to Dismiss, at 1; Government's Response, at 3.** When the authorities arrived at the scene, Defendant's wife was "dead at the bottom of the back deck." *Id.* As part of their investigation, officers obtained Defendant's written consent to search his home. *Id.*; **see also Exhibit 1,** *attached to* **Criminal Complaint, filed April 25, 2008**. The search "revealed at least 30 firearms and hundreds of rounds of ammunition." **Government's Response,** *supra.* According to the Government, when the officers began removing the firearms from Defendant's home, an officer overheard Defendant say, "they are taking my guns." *Id.*

On May 29, 2008, the Defendant was indicted for possessing a firearm after having been convicted previously of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g)(1). **Bill of Indictment, filed May 29, 2008.**

## II.  DISCUSSION

In support of his argument to dismiss the indictment, Defendant cites a recent case decided by the United States Supreme Court which he alleges "confers upon individuals a right to keep firearms in their home for lawful purposes such as self protection."  **Defendant's Motion, at 2 (citing *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008)).**

In *Heller*, the Supreme Court considered "whether a District of Columbia prohibition on the possession of usable handguns in the home violates the Second Amendment to the Constitution."  *Id*. **at 2787-88**.  Heller, a D.C. special police officer, applied for a registration certificate that would allow him to lawfully keep a handgun in his home.  *Id*. **at 2788.**  The District denied his application and respondent filed a lawsuit in federal court for the District of Columbia "seeking, on Second Amendment grounds, to enjoin the city from enforcing the bar on registration of handguns, the licensing requirements insofar as it prohibits the carrying of a firearm in the home without a license, and the trigger-lock requirement insofar as it prohibits the use" of operational firearms in the home.  *Id.*  The district court dismissed Heller's complaint.  **See *Parker v. District of Columbia*, 311 F. Supp. 2d 103, 109 (D.D.C. 2004).**  In reversing the

district court's order of dismissal and ordering that summary judgment be entered for Heller, the D.C. Circuit "held that the Second Amendment protects an individual right to possess firearms and that the city's total ban on handguns, as well as its requirement that firearms in the home be kept nonfunctional even when necessary for self-defense, violated that right." ***Heller*, 128 S. Ct. at 2788; *see also Parker v. District of Columbia*, 478 F.3d 370, 401 (D.C. Cir. 2007).** After granting a writ of *certiorari*, the Supreme Court affirmed the D.C. Circuit's opinion.

The criminal complaint states that a criminal history check of the Defendant revealed his conviction in 1998 for the felony offense of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d) and was sentenced to three years probation. **Criminal Complaint, *supra*, at 3.** This conviction provides the underlying basis for Defendant's current charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). **Indictment, *supra*.** Defendant contends that the Supreme Court's holding in *Heller* makes 18 U.S.C. § 922(g)(1) unconstitutional when applied to him because it represents a "blanket prohibition against felons possessing firearms[.]" **Defendant's Motion to Dismiss, *supra*, at 4.** Although Defendant argues *Heller* provides him with the constitutionally

protected right to possess ammunition and firearms despite his status as a convicted felon, he also acknowledges the rights conferred by the Second Amendment are "not absolute." *Id*. **at 3.** The issue Defendant presents here, however, was not squarely before the Supreme Court.

> Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]

*Heller*, **128 S. Ct. at 2816-17.** Defendant's argument seems to suggest that this Court should disregard this aspect of the Supreme Court's opinion in *Heller*; the Court declines to do so. Although the Court need not look beyond *Heller* in denying Defendant's motion to dismiss, it is important to note that the Fourth Circuit has addressed the constitutionality of 18 U.S.C. § 922(g) on several occasions and squarely rejected each challenge. **See** *United States v. Wells*, **98 F.3d 808, 811 (4th Cir. 1996) (rejecting Commerce Clause argument);** *United States v. Bostic*, **168 F.3d 718, 724 (4th Cir. 1999) (rejecting Tenth Amendment argument);** *United States v. Mitchell*, **209 F.3d 319, 323 (4th Cir. 2000) (rejecting Fifth Amendment Due Process claim).**

Defendant also filed two petitions for relief that must be dismissed.[1] Defendant challenges the constitutionality of 26 U.S.C. § 5861(d) and moves for an order setting aside his 1998 conviction under that statute for possession of a firearm that was not registered to him.  **Petitions,** *supra*.

Section 5861(d) provides, in part, that it is unlawful for an individual "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record."  Defendant maintains that his 1998 conviction should be set aside based on the holding in *Heller, i.e.*, an individual has a fundamental right to lawfully possess a handgun that is protected by the Second Amendment, arguing that he had an individual right extant in 1998 to possess an unregistered firearm. However, the Court in *Heller* did not consider the statute under which Defendant was convicted in 1998 and this Court declines to read *Heller* as in any way providing the relief sought.  Further, the Court did not

---

[1] The Federal Rules of Civil Procedure have abolished writs of coram nobis. **See Fed. R. Civ. P. 60(e) ("The following are abolished: bills of review, bills in the nature of bills of review, and writs of *coram nobis*[.]") (emphasis added);** *see also United States v. Beggerly*, **524 U.S. 38, 45 (1998) (explaining that Rule 60 abolishes "nearly all the old forms of obtaining relief from a judgment").**  However, the Court will construe Defendant's motion as one filed under 28 U.S.C. § 1651 ("All Writs Act").  **See *United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000).**

disapprove of registration requirements such as those under 26 U.S.C. § 5861; rather, it held the District of Columbia's outright ban on possession of firearms violated the Second Amendment.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion to dismiss is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's petitions for writ of error *coram nobis* or, in the alternative, for a writ of *habeas corpus,* are **DISMISSED.**

Signed: August 21, 2008

Lacy H. Thornburg
United States District Judge